# IN THE COURT OF APPEALS OF IOWA

No. 20-1216
Filed February 3, 2021

**IN THE INTEREST OF C.R.,**
**Minor Child,**

**A.R., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

A mother appeals the dispositional order affirming her child to be in need of assistance. **AFFIRMED.**

Christina M. Shriver, Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Tammy L. Banning of the Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor child.

Considered by May, P.J., Greer, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

The mother of C.R., born in 2007, appeals from the dispositional order that affirmed her child was in need of assistance (CINA). "We review CINA proceedings de novo." *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

To fully understand the mother's appeal, we begin by detailing the material facts and procedural history. C.R. had been staying with her maternal grandmother for several months because of the mother's drug use and homelessness. On February 29, 2020, the mother went to the grandmother's home and soon left with C.R. The Iowa Department of Human Services (DHS) was contacted, and an emergency removal order was secured on March 2. The next day, C.R. was located and returned to her grandmother's home, where she has remained.

On March 4, a CINA petition was filed under Iowa Code section 232.2(6)(c)(2) (2020), alleging C.R. "has suffered or is imminently likely to suffer harmful effects as a result of the failure of [her mother] to exercise a reasonable degree of care in supervising [C.R.]" On the same day, the mother submitted to a hair-stat drug test.

On March 10, the temporary removal came on for hearing, which included testimony by the mother denying any drug use in the past fourteen years. The court held the record open to allow the results of the mother's drug test to be completed and admitted into the record. The completed report revealed the mother tested positive for amphetamines and methamphetamine.

On March 24, the court found returning C.R. to the mother would place her in imminent danger and was therefore contrary to her welfare.

On April 1, the mother's attorney filed a stipulation stating he "received a letter from his client indicating that she agrees that the Juvenile is a Child in Need of Assistance as alleged in the Petition." In the same filing, the attorney also moved to cancel the adjudicatory hearing and requested the case be scheduled for a dispositional hearing. A DHS child abuse assessment summary filed on April 9 was founded against the mother for "dangerous substances," with C.R. as the victim.

On April 10, after reviewing the testimony and record from the temporary hearing, the stipulation, the drug test results, and the remaining court file, the juvenile court found C.R. to be in need of assistance as alleged. It ordered the continued out-of-home placement for C.R. and detailed services to be provided to the mother. On June 5, finding a breakdown in communication between the mother and her attorney, the court appointed another attorney to represent the mother.

The case came on for disposition on July 1 via a telephonic hearing. The juvenile court heard testimony from the mother and the DHS worker, and the court admitted the most recent reports compiled by DHS. The court found DHS offered reasonable services to promote reunification of C.R. with her mother, but the mother had not completed the substance-abuse and mental-health evaluations or complied with any recommendations. It ordered the continued placement of C.R. with her grandmother and directed the continuation of offered services.

The mother appeals from that order, arguing the adjudication was entered in error. She claims the court should have required her signature on the stipulation to the adjudication to be assured it "was knowingly and voluntarily entered," and she adds an undeveloped assertion her then-counsel was ineffective. But on our

review of the full transcript of the dispositional hearing, the mother makes no such claims. Had she wanted to protest the adjudication, the dispositional hearing was the time and place to do so. A CINA proceeding initially consists of two parts: the adjudication and disposition. *In re Long*, 313 N.W.2d 473, 475 (Iowa 1981) (holding an order of adjudication is not final until disposition). Therefore, the appeal is of the whole, and failure to challenge an issue—including procedural or ineffective-assistance-of-counsel claims—at the earliest opportunity waives the claim on appeal. *In re C.M.*, 652 N.W.2d 204, 207 (Iowa 2002). There is nothing in the transcript of the dispositional hearing suggesting a challenge to the entry of the underlying adjudication. At disposition, the juvenile court was not alerted to any procedural flaw in the adjudication and thus did not consider any such challenge. Therefore, the claimed error the mother now raises is not preserved for our review.

Next the mother asserts the juvenile court should have returned C.R. to her care rather than continuing her placement with her grandmother. However, the testimony and information offered to the juvenile court say otherwise. The pre-dispositional hearing report compiled by DHS summarized the mother's progress towards reunification as: "[The mother] is in the beginning stages of her treatment and has a history of mental health issues, as well as substance use issues she is not currently recognizing." It also noted C.R. "is tired of her mother's instability and also concerned about the places her mother takes her and stays." C.R. is safe in the care of her grandmother and has an improved sense of stability. *See In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001) ("As in all juvenile proceedings, our fundamental concern is the best interests of the child."); *see also In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (recognizing "a

child's safety and his or her need for a permanent home as the defining elements in a child's best interests"). We affirm the adjudication and disposition.

**AFFIRMED.**